UNITED STATES DISTRICT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. BOYKIN<br>Plaintiff<br><br>vs.<br><br>Rod R. Blagojevich, et al.,<br>Defendants | CASE NO. _____<br><br>PLAINTIFFS MOTION FOR TEMPORARY<br>RESTRAINING ORDER |

Plaintiff, Pro Se, respectively submit PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER to this honorable court for an immediate ORDER for all correctional facilities within the state of Illinois that have bars and perforated doors to place Plexiglass, steele doors or any other protective barrier to prevent inmates and staff from having any substances (known or unknown) thrown on them which is commonly taking place at Pontiac Correctional center. This motion is made and based on Federal Rules of Civil Procedure 65 (a)(b) and (c), the attached points and authorities, affidavit as well as all pleadings, papers, documents & pleadings on file herein.

A. POINTS AND AUTHORITIES

The Supporting affidavit of Plaintiff and memorandum of law submitted herewith, it is ordered that the Defendants show cause why a preliminary injunction should not issue pursuant to Rule 65 of the fed R. of Civ. Procedure enjoining defendants, their successors in office, agents, employees and all other persons acting in concert and participation from:

1) having any cells with unprotected doors or bars to prevent inmates and staff from being assaulted in the manner Plaintiff was on 12-14-07.

2) having any galleries in North, East and West and South houses without operating, functioning video cameras to protect staff and inmates from unsubstantiated and false allegations of being abused.

● The Supreme Court in Lewis v. Casey, 518 U.S. 343 (1996) Stated that in order to get an injunction a prisoner must show "actual" and or imminent injury. In this context "injury" does not mean actual injury physical damage to your body. It means that a

19

1

Plaintiff will be worse off because of the illegal acts..." In this instant case, as of 2-24-08 Plaintiff has witnessed inmate Devon Johnson in cell 517-N Pro Pell spit on another inmate as C/O Zimmerman escorted another inmate to the shower. Inmate Johnson was not moved to another cell to prevent him from doing it again. C/O Zimmerman said "as long as nothing is thrown on him he does not care what inmates do to each other." This is the official Policy of defendants.

When prison officials intentionally place prisoners in dangerous surroundings, when they intentionally ignore prisoners serious medical needs, or when they are "deliberately indifferent" either to prisoners health or safety they violate the constitution. The basic legal standards governing this case are well established... "[P]rison officials have a duty under the 8th and 14th Amendments to protect prisoners from violence at the hands of other prisoners. Hudson v. Palmer 104 S.Ct. 3194-3200 01; Leonardo v. Moran, 611 F.2d 397, 398, 99 (1st Cir. 1979); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Gates v. Collier 501 F.2d 1291, 1309 (5th Cir. 1974); Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973).

Different courts have described "deliberate indifference" in various ways, but at least, that term encompasses acts or omissions so dangerous (in respect to health or safety) that defendants "knowledge of [a large] ... risk can be inferred" Duckworth v. Frozen, 780 F.2d 645, 652 (7th Cir. 1985); Compare Estelle, 429 U.S. at 104, 97 S.Ct. at 291 (inaction amounts to "deliberate indifference" if it constitutes "wanton infliction of pain" [Quoting] Gregg v. Georgia, 96 S.Ct 2909, 2925.

Additionally, Injunctions focus deliberate indiffence in a broader sence. In such cases, courts have held liability can be premised on a showing of "repeated examples of negligent acts which disclose a pattern of conduct..." or by showing "systemic or gross deficiencies in staffing, facilities, equipment or procedures." French v. Owens, 777 F.2d 1985, cert. denied, 479 U.S.817 (1986)(Quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir 1980) cert. denied, 450 US. 1041 (1981).

In the instant case, plaintiff alleges, and the United States supreme Court agrees with the premise. Exposure to conditions that are "demonstrably unsafe" can violate the Eighth Amendment if the inmate can prove that the risk is "so grave that it violates contemporary standards of decency to expose anyone unwilling to such a risk." See Helling v. McKinney, decided] in 1993 Id 2482. The Eighth Amendment protects against "imminent dangers" as well as against present harms. 113 S.Ct. 2475. The court offered the example of a prisoner who complained

20

2

absent a showing that such an inmate could bring this claim for relief "without waiting for an attack of dysentery." Id at 2480.

Imminent means "hanging threateningly over ones head." It certainly violates "contemporary standards of decency" for prison officials to make conscious decisions to not protect inmates from violence at the hands of other inmates. It also shows a lack of concern for the staff who are simply doing their jobs and happen to get blasted in the face with any substance let alone a toxic or caustic agent. It amounts to Assault which is an unlawful attempt or threat to do harm to another. It also means a violent attack. In either case inmates should not be permitted to assault other inmates at Pontiac correctional center or any other facility in Illinois.

> [W]hen the State by the affirmative exercise of its power so restrains an individuals liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs — e.g., food, clothing, shelter, medical care and reasonable safety — it transgresses the substantive limits on state action set by the Eighth Amendment..." Deshaney v. Winnebago County Dept. of Social Servs. 109 S.Ct. 998, 1005 (1989).

For the reasons stated herein, the Honorable court as a matter of law should grant Plaintiffs motion for Temporary Restraining Order ording Prison officials to remedy the threat to any and all inmates within the IDOC from being subjected to being assaulted as happened to Plaintiff on 12-14-07. Counsel should also be appointed to assist in obtaining the names of all inmates and staff who have been assaulted at any facility within the IDOC.

### CERTIFICATE OF SERVICE

I certify under penalty of perjury I sent Plaintiffs motion for TRO to Pontiac law library with Plaintiffs complaint, motion for appointment of counsel, petition and Affidavit for leave to proceed without the payment of fees and costs

21      This 2nd Day of March 2008

Anthony L. Bell
Plaintiff