UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY R. BOYKIN
Plaintiff
vs
C/O DAVIS, et.al.,
Defendants

PLAINTIFFS SUBMISSION OF AFFIDAVIT IN SUPPORT OF MOTION FOR TRO AND CLASS CERTIFICATION

CASE 1:08-cv-01060-HAB-JAG
BOYKIN v. DAVIS et.al

Plaintiff Pro Se, hereby submit the above entitled document in support of Plaintiffs motion for TRO and requests that this court make this case a class action lawsuit as it affects all inmates housed in Pontiac Correctional Center Present and future.

The majority of inmates in Pontiac are not even aware of their Constitutional rights to be Protected from violence at the hands of other inmates while out of their cells in handcuffs being escorted to whatever destination we may be going to. The only lawful remedy is for Prison officials to correct this by putting Plexiglass or stelle doors on these cells. This submission is made and based upon all other prior Pleadings, Papers and documents on file herein. This submission is further made and based on the attached Points and authorities, and affidavit of Plaintiff as well as the Plaintiffs motion for appointment of counsel.

I.
POINTS AND AUTHORITIES

With respect to class certification, it is without a doubt a fact that it is common for any inmate or staff to walk down any gallery at Pontiac CC that does not have a steele door or Plexiglass on the bars or perforated doors to have some unidentifiable substance thrown on him or her. It is unquestionable that inmates have a constitutional right to be Protected from violence at the hands of other inmates. See Plaintiffs Motion

(1)

for TRO filed 3-3-08. With respect to The Injunction, Plaintiffs in federal courts must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction. Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148. There must be a 'personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon, which the court so largely defends for illumination of difficult constitutional questions'. Baker v. Carr 82 S.Ct. 691, 703. Abstract injury is not enough. It must be alleged that the Plaintiff 'has sustained or is in immediately in danger of sustaining some direct injury' as a result of the challenged statue or official conduct. Massachusetts v. Mellon, 43 S.Ct 597, 601 (1923). The injury or threat of injury must be both 'real and immediate, not 'conjectural' or 'hypothetical'. Golden v. Zwicker 89 S.Ct 956, 960; Maryland Casualty Co. v. Pacific Coal & Oil, 61 S.Ct. 510, 512 (1941); United Public Workers v. Mitchell 67 S.Ct 556, 564-565 (1947). Moreover if none of the named Plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class. Baily v. Patterson, 82 S.Ct. 549, 550-51 (1962); Indiana Employment Division v. Burney 93 S.Ct 883 (1973) In the instant case at bar, all elements have been satisfied. Plaintiff has suffered a very serious injury which was a direct result of 1) Defendant Davis giving the inmate magic shave while he was in his cell and 2) The supervisory administrators decision not to place Plexiglass on all doors and bars to prevent any substance from being thrown on any person, staff or inmate which has been happening and continues to happen.

With all due respect, Plaintiff asserts that the Court as a matter of law should grant Plaintiffs request to make this cause of action a class action and appoint counsel to present the case. Plaintiff certainly cannot represent all prisoners in

2

Segregation at Pontiac. Certainly those inmates who have sustained injury will have to determine within themselves what they want as far as financial compensation. It is up to this Honorable Court to determine what Punitive damages should be awarded.

### CERTIFICATE OF SERVICE

I certify under penalty of Perjury I submitted Plaintiffs submission of affidavit In Support of Motion for TRO and class Certification by mailing to Pontiac CC Law Library for E-filing this 9th day of March 2008.

Anthony R Bodkin

3

STATE OF ILLINOIS     )
                      )SS
COUNTY OF             )

### AFFIDAVIT

I, __ANTHONY BOYKIN__ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

I personally talked Warden Eddie Jones and Lt. Seipp on 3-8-08 about the facts concerning my right to be protected from the violence at the hands of other inmates and why I believe The U.S. Supreme Court supports this right. He told me Prison administrators have the authority to place inmates anywhere they want and that it is their choice not to put Plexiglass on the doors that don't have Plexiglass as well as the bars. Lt. Seipp then stated to me to sue him and the administration for their choice to leave inmates who assault other inmates on the same Gallery. He then stated it is the administrations job to decide who gets submitted to the states attorney for possible criminal prosecution and who doesn't. Several staff and inmates have told me they want to become parties to this lawsuit, but they are afraid of retaliation from Prison officials at Pontiac. Additionally, I have had inmate Bob Jones stick his arm out of his bars and propell feces, urine and other unknown liquids into my cell or to my bed in west house in 2007. It is not uncommon for Correctional staff to perpetrate inmate violence of this kind as long as staff don't get assaulted

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this __9__ day of __March__, 200__8__.

_Anthony Boykin_
_____
                                    Affiant