UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY R. BOYKIN,
  Plaintiff,

vs.                                             No. 08-1060,

CORRECTIONAL OFFICER DAVIS, et.al.,
  Defendants

ORDER

      This cause is before the court for merit review of the plaintiff's complaint and consideration of the plaintiff's motion for appointment of counsel [d/e 3] and motion for a temporary restraining order [d/e 4]. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Anthony Boykin, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named six defendants including Correctional Officer Davis; Governor Rod Blagojevich; Associate Wardens Marcus Hardy and Joseph Mathy; Warden Eddie Jones and Illinois Department of Corrections Director Roger Walker.

      The plaintiff says on December 14, 2007, guards were escorting the plaintiff to the shower when another inmate threw a liquid that got into the plaintiff's eyes. The plaintiff says the mixture contained "Magic Shave," urine, feces, blood and soap. The plaintiff was taken to the shower were he was allowed to wash out his eyes immediately. The plaintiff was then taken to the health care unit were he was seen by a doctor and prescribed eye drops.

      The plaintiff alleges that the defendants were deliberately indifferent to his health and safety. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v Brennan,* 511 U.S. 825, 833 (1944). To establish a claim, a plaintiff must show: 1) that he suffered an objectively "sufficiently serious" injury; and 2) that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. In addition, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 837. "That the officer had actual knowledge of the impending harm can be

1

inferred from circumstantial evidence. Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. Rather, the correctional officer must have acted with the equivalent of criminal recklessness." *Borello v Allison,* 446 F.3d 742, 747 (7th Cir. 2006) *citations omitted*. "The test of deliberate indifference ensures that the mere failure of the prison official to chose the best course of action does not amount to a constitutional violation."*Peate v McCann,* 294 F.3d 879, 882 (7th Cir. 2002).

The plaintiff alleges that the defendants violated his Eighth Amendment rights in two ways. First, the plaintiff alleges that Defendant Davis violated his rights by "giving Magic Shave out while the inmate was in his cell." (Comp, p. 12). The plaintiff has failed to state a violation of his constitutional rights based on this action. The plaintiff also alleges that Defendant Davis violated his Fourteenth Amendment rights, but has failed to articulate this claim.

Second, the plaintiff alleges that the defendants were deliberately indifferent to his health and safety "by not having Plexiglass on all doors on 7 Gallery." (Comp., p. 12). The plaintiff says other inmates have also had substances thrown on them while walking through this gallery. While not clearly alleged, the plaintiff appears to be claiming that the defendants should have known about the danger to inmates walking through the gallery due to the frequency of attacks. The plaintiff has alleged a violation of this Eighth Amendment rights.

The court finds that the plaintiff has adequately stated a claim against Defendants Officer Davis; Associate Wardens Marcus Hardy and Joseph Mathy; Warden Eddie Jones and Illinois Department of Corrections Director Roger Walker. However, the plaintiff has failed to allege any claim against Governor Rod Blagojevich.

A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates. The plaintiff makes no mention of the Governor in the body of his complaint and appears to have named the Governor as a defendant simply because of his job title.

For clarification of the record, the court also notes that there are no official capacity claims stated in the plaintiff's complaint. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983).

MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff states that he cannot afford counsel and he has received no response from the attorneys he has asked to represent him. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The plaintiff appears competent to proceed *pro se* based on his submissions and his case does not appear to be complex. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome. The motion is therefore denied. [d/e 3]

## MOTION FOR A TEMPORARY RESTRAINING ORDER

The plaintiff has filed a motion for a temporary restraining order asking the court to order Pontiac Correctional Center to place Plexiglass doors or some other protective barrier on cells. The court will construe the plaintiff's motion for a temporary restraining order as a motion for a preliminary injunction. [d/e 4]

The standards for a temporary restraining order and preliminary injunction are identical. *Graham v. Medical Mutual of Ohio,* 130 F.3d. 293, 295 (7th Cir. 1997). When considering whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners and Pilots Ass'n v. Hinson,* 102 F.3d 1421, 1424-25 (7th Cir. 1996). (*internal citations omitted*). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.*

The plaintiff states that requiring a protective barrier on all cells would prevent the kind of attack he suffered from happening again. The court does not believe the plaintiff has adequately demonstrated that he has a reasonable likelihood of success on the merits, nor that he does not have an adequate remedy at law nor that he will be irreparably harmed without a preliminary injunction. The motion is denied.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Davis, Hardy, Mathy, Jones and Walker violated the Eighth Amendment when they were deliberately indifferent to the plaintiff's health and safety. The claim is against the defendants in their individual capacities.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.** *The clerk of the court is directed to dismiss Defendant Governor Rod Blagojevich for failure to state claim against this defendant upon which relief can be granted.*

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion for appointment of counsel [d/e 3] and motion for a temporary restraining order [d/e 4] are denied.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The defendants shall file an answer within the time prescribed by Local Rule to the claim identified in this order. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**
Entered this  18th  Day of April, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE