UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Anthony R. Boykin
        Plaintiff
   vs.
C/O Davis, et. al.,

No. 08-1060

PLAINTIFFS OBJECTIONS TO ORDER DENYING LIABILITY OF DEFENDANTS IN THIER OFFICIAL CAPACITIES.

Plaintiff Pro Se hereby submit PLAINTIFFS OBJECTIONS TO ORDER DENYING LIABILITY OF DEFENDANTS IN THIER OFFICIAL CAPACITIES. Objections made by Plaintiff pursuant all prior pleadings, papers, document and points and Authorities on file and attached.

## A.
### STATEMENT OF THE CASE

On April 18, 2008 this Court issued an Order #15 stating a "defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendants caused or participated in the alleged constitutional violation". This Court states that "the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of respondeat superior does not apply to actions under 42 USC §1983." See Page 2 Order at #15.

## B
### POINTS AND AUTHORITIES

I. DEFENDANTS IN THIER OFFICIAL SUPERVISORY ROLES ARE LIABLE FOR FAILING TO ACT TO PREVENT INMATE ASSAULTS UNDER CONDITIONS AT PONTIAC CORRECTIONAL CENTER SEGREGATION.

Plaintiff respectfully disagrees with your honor that 42 USC §1983 does not apply or that a supervisor cannot be held liable for the errors of his subordinates. The mere fact that Governor is head of the IDOC and that defendants Walker, Jones, Mathy and Hardy implement policies and/or customs that are unconstitutional, makes the State of Illinois liable.

1

In Monell v. New York City Dept. of Social Services, 98 S.Ct. 2018 (1978) the U.S. Supreme Court decided that a municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation at issue. "It is only when the 'execution of the government's policy or custom... inflicts the injury' that municipality may be held liable under §1983." Springfield v. Kibbe 107 S.Ct. 1114, 1119 (quoting Monell Supra, 436 U.S. at 694, 98 S.Ct. at 2037-38.

In 109 S.Ct, the Supreme Court specifically states "Inadequacy of police training may serve as a basis for §1983 municipal liability only where failure to train amounts to deliberate indifference to the rights of persons with whom police come into contact. Only where municipality's failure to train its employees in relevant respect evidences "deliberate indifference" to rights of its inhabitants can such shortcomings be properly thought of as city "policy or custom" that is actionable under §1983 42 U.S.C.A. (quoting City of Canton Ohio v. Harris Supra) 109 S.Ct. 1197.

In the instant case, it is the Governor who sets or approves the policies and customs for the IDOC. As the court stated in City of Canton Ohio, "It may seem contrary to common sence to assert that a municipality will have a policy of not taking steps to train its employees." Although the instant case is not a cause of action for failure to train, it is a case of the IDOC, contrary to common sense, has a policy of not taking reasonable steps to stop inmates from assaulting other inmates and staff which amounts to a violation of constitutional rights. In light of the IDOC deciding to protect inmates who go outside for the right to 5 hours per week fresh air, the IDOC at Pontiac has cages to prevent inmates from assaulting each other. Its legendary at Pontiac for these some inmates to still throw feces, urine outside on other inmates! Its common for some inmates to do the same inside the cell houses for which the IDOC is the policy maker can be reasonably be said to be deliberately indifferent to the need to put doors, Plexiglass or whatever protective barrier it deems right to stop the constitutional violations.

2

The Supreme Court in City of Canton, Ohio stated "In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than training". See Springfield v. Kibbe, 107 S.Ct. at 1120 [quoting City of Canton, Ohio v. Harris 109 S.Ct.]. Plaintiff agrees totally. The Supreme Court in City of Canton v. Harris further stated "It may be, for example that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."

The question the Supreme Court asked in City of Canton Ohio was "Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?" Plaintiff respectfully request the Honorable Judge Baker to ask this question: Would inmates and staff be injured in the form of having violent inmates mixing fecal matter, urine, semen, magic shave, green industrial liquid soap, blood and God knows what else and throwing it through the perforated doors, into the faces of the officers, inmates, and medical staff as frequently occures at Pontiac Correctional Center if Galleries all had Solid doors or perforated doors as Galleries one and three have? Another question should be asked and Plaintiff asks, is a persons eye, or possible contracting some disease, worth that risk even after all the available evidence off staff and inmate assaults being committed?

Since the honorable Judge Baker cited Farmer in its order of April 18, 08, Farmer states "We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

3

Plaintiff asserts that there can be no better argument against the Illinois Department of Corrections for being deliberately indifferent to the health and safety of Plaintiff and all other inmates due to the Illinois Department of Correction's refusal to correct this health and safety issue.

Plaintiff respectfully puts the district court on notice that Plaintiff objects to the denial of class certification and liability of Governor, Director, and all wardens in their official capacities since it's a custom to permit the actions complained of in the Amended Complaint. Since Universal health care tells us to treat all unidentified fluids as hazardous and the IDOC refuses to protect its ~~~~ inmates, that violates the U.S. Constitution no matter how the district court looks at it. Plaintiff respectfully request this "PLAINTIFF(S) OBJECTIONS TO ORDER DENYING LIABILITY OF DEFENDANTS) IN THIER OFFICIL CAPACITES" be forwarded to the Seventh Circuit of Appeals for the interlocutory ruling as Plaintiff exercises that right to appeal the district courts ruling on the issues stated herein.

### CERTIFICATE OF SERVICE

I certify under penalty of perjury I submitted PLAINTIFFS OBJECTIONS TO ORDER DENYING LIABILITY OF DEFENDANTS IN THIER OFFICIAL CAPACITIES WAS MAILED TO LAW LIBRARY TO BE E-Filed this 24th day of April, 2008.

Anthony R. Boykin

4